UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60714-CIV-COHN/SELTZER

MENTORA EUBANKS and
ARTHUR N. HENSON, II, D.O.,

     Plaintiffs,

v.

CAROL FREBURGER, JOHN
BOALS, ANDREA ANIDO, and
CHARLES J. CRIST, JR.,

     Defendants.
_____/

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' RULE 4(d)(2)[1] MOTION TO ASSESS SERVICE OF PROCESS FEES, ATTORNEY FEES AND SANCTIONS

**THIS CAUSE** is before the Court upon Plaintiffs Mentora Eubanks and Arthur N. Henson, II, D.O.'s Rule 4(d)(2) Motion to Assess Service of Process Fees, Attorney Fees and Sanctions [DE 22]. The Court has considered the motion and the record in this case, and is otherwise advised in the premises.

Plaintiffs' motion requests fees and sanctions relating to Defendants' alleged failure to waive service of process. DE 22. Plaintiffs previously requested the same relief, DE 11, but the Court denied the request without prejudice, stating, "Once Defendants or their counsel appear in this case, Plaintiffs may refile this request *if the parties are unable to reach an agreement on their own*." DE 12 at 4 (emphasis

---

[1] Plaintiffs state that they seek relief under Rule 4(2), but the rule permitting an award of fees and costs based on failure to waive service of process is actually Rule 4(d)(2). Fed. R. Civ. P. 4(d)(2).

added).[2]  Further, Local Rule 7.1 sets forth the following conferral requirements:

> Prior to filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion.

S.D. Fla. L.R. 7.1(a)(3).  Additionally, Local Rule 7.1 requires counsel for the moving party to include in the motion a certification regarding conferral.  Id.

Plaintiffs' motion does not mention any attempt to confer with Defendants before filing the motion, nor does it include a Local Rule 7.1 certification.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Rule 4(d)(2) Motion to Assess Service of Process Fees, Attorney Fees and Sanctions [DE 22] is **DENIED without prejudice** for failure to comply with the Local Rules and the Court's Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of September, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

[2]  The Court notes that Attorney John Bajger has only appeared in this case on behalf of Defendants Charles J. Crist, Jr. [DE 17] and John Boals [DE 13].  Defendants Andrea Anido and Carol Freburger have not yet appeared, and Plaintiffs state that they "have still not been able to locate Defendant, Andrea Anido."  DE 22 at 5.